United States District Court
Southern District of Texas
**ENTERED**
September 08, 2021
Nathan Ochsner, Clerk

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
VICTORIA  DIVISION

| | | |
|---|---|---|
| RODOLFO  MARTINEZ  ALVAREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL  ACTION  NO. 6:21-CV-19 |
| | § | |
| BOBBY  LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM  AND  RECOMMENDATION

Petitioner, Rodolfo Martinez Alvarez, is a state prisoner incarcerated at the Darrington Unit in Rosharon, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2017 Victoria County conviction for aggravated assault. (D.E. 1, Page 2). Pending is Respondent's Motion for Summary Judgment filed on July 29, 2021 to which Petitioner responded on August 13, 2021. (D.E. 18 and D.E. 20). For the reasons stated below, it is respectfully recommended the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 18) and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

I.     **JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. §

1 / 10

2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Victoria Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(5). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

On April 3, 2017, Petitioner was found guilty of aggravated assault after a jury trial in the 377th District Court of Victoria County and was sentenced to 15 years imprisonment. (D.E. 17-32, Pages 45-47).[1] Petitioner filed an appeal and on August 29, 2018, the Thirteenth Court of Appeals of Texas affirmed the trial court's judgment. (D.E. 17-3 and D.E. 17-4); *Alvarez v. State*, No. 13-17-00214-CR, 2018 WL 4100809 (Tex. App.–Corpus Christi-Edinburg Aug. 29, 2018, pet. ref'd). Petitioner filed a Petition for Discretionary Review which was refused by the Texas Court of Criminal Appeals ("CCA") on December 5, 2018. *Id.* Over two years later, on December 18, 2020, Petitioner filed a state habeas application which was denied on February 10, 2021 without written order. (D.E. 17-31 and D.E. 17-32, Pages 5 and 20). Petitioner then filed this federal habeas action on April 1, 2021. (D.E. 1, Page 10).

---

[1]Petitioner caused a high-speed vehicle collision, injuring one mother (broken arm, eight broken ribs, lacerations to her head and back and a collapsed lung) and ultimately killing her nine-year-old daughter (removal of life support after a coma). (D.E. 17-32, Pages 53-54 and 56). Petitioner was traveling approximately 89 miles per hour when he rear-ended their vehicle, causing it to leave the roadway, become airborne while spinning and rolling before coming to rest in a ditch 441 feet away. (D.E. 17-32, Page 54). Petitioner was found to be intoxicated at the scene after failing field sobriety tests and, after refusing to provide a voluntary blood specimen and a search warrant was obtained, his blood alcohol concentration at the hospital was .101. (D.E. 17-32, Pages 55-56).

Separate trials were conducted for the aggravated assault of the mother and for the murder of her child. Petitioner challenges his murder conviction in a separate habeas action in this Court. Case No. 6:21-cv-21.

## III.   RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred.  The undersigned agrees.   Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

(A)   the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner properly files for state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")  Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on March 5, 2019, when the time for filing a petition for writ of certiorari

expired 90 days after his PDR was refused on December 5, 2018.  *See* 28 U.S.C. §
2244(d)(1)(A); *Bradshaw v. Davis*, 736 F. App'x 457, 459-61 (5th Cir. 2018).  As such,
Petitioner had one year, until March 5, 2020, to timely file a federal application for
habeas corpus relief.  Petitioner's state habeas application filed on December 18, 2020,
well after the limitations period ended, "did not statutorily toll the limitation clock."
*Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).  Petitioner filed the pending
federal habeas petition on April 1, 2021, over one year too late. 28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a
jurisdictional bar and can be equitably tolled in rare and exceptional circumstances.
*Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127,
2019 WL 5106366, at *2-3 (5th Cir. Oct. 11, 2019).  A petitioner is entitled to equitable
tolling if he shows he has been pursuing his rights diligently and some extraordinary
circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S.
631, 649 (2010) (citations omitted); *see also Palacios*, 723 F.3d at 604 (citing *Manning v.
Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)).  "[N]either excusable
neglect nor ignorance of the law is sufficient to justify equitable tolling."  *Id.*; *See also
Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d
674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however
understandable it may be, does not ordinarily justify equitable tolling.") (citation
omitted).  Nor does unfamiliarity with the legal process (whether the unfamiliarity is due
to illiteracy or any other reason) or lack of representation during the applicable filing

period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner asserts equitable tolling is justified due to the "extraordinary circumstances" presented by the COVID-19 pandemic during the limitations period. Specifically, Petitioner alleges that due to the current pandemic, all Texas prisons were locked down and he had no access to a law library, to court documents or the court system, so he had "no way to obtain the legal documents required to submit a factual and meaningful application on his behalf to this Court." (D.E. 20, Page 2).

Lack of access to a law library may in some circumstances toll the one-year limitations period. *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). However, to toll the limitations period, the lack of library access must have actually prevented the prisoner from filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561-62 (5th Cir. 2011). In this case, Petitioner has not presented any evidence that diminished access to law library materials actually prevented him from timely filing his federal petition. Petitioner's statute of limitations expired on March 5, 2020, prior to or at the very beginning of the pandemic in Texas, meaning he had access to the law library for the majority, if not all, of the limitations period. *Ramos v. Lumpkin*, No. SA-20-CA-01448-FB, 2021 WL 3410314, at * 3 (W.D. Tex. Aug. 4, 2021) ("As the majority of Petitioner's limitations period took place prior to the initiation of any COVID-19 protocols, his arguments regarding intermittent library access as a result of COVID-19 do little to explain why Petitioner could not have filed the instant petition earlier.") Additionally, the § 2254 form petition does not require a petitioner to analyze or cite case law.

Further, courts in this Circuit have repeatedly found that prison lockdowns, including COVID-19 related lockdowns, that occur during the one-year limitations period do not justify equitable tolling. *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at * 2-3 (N.D. Tex. Aug. 18, 2021) (Intermittent lockdowns, limited access to the prison law library and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are therefore not grounds for equitable tolling); *Ramos*, 2021 WL 3410314, at * 3 (Delays in accessing library materials because of COVID-19 protocols and lockdowns do not constitute an "extraordinary circumstance" which prevented Petitioner from timely filing his federal habeas petition); *United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding a COVID-19 lockdown which "impeded [Petitioner's] access to the facility's law library" did not justify equitable tolling as it did not actually prevent the petitioner from timely filing his habeas petition); *Coppin v. United States*, 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (A series of institutional lockdowns did not constitute an extraordinary circumstance to warrant equitable tolling); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (Temporary denial of access to research materials and inadequacies in the prison law library were not extraordinary circumstances sufficient to warrant equitable tolling).

Petitioner does not provide any information about the specific dates when his unit was in lockdown or when he was denied access to law library materials as a result. The undersigned declines to infer that it was from prior to March 5, 2020, when the statute of limitations expired, to over one year later when Petitioner filed this habeas petition.

Further, Petitioner's ability to file his state habeas petition during this period on December 18, 2020 suggests his ability to seek relief from the Court was not actually obstructed by any lockdown.  Further, he could have sought state habeas relief after his PDR was denied in 2018, well before the current pandemic.  Petitioner was not diligent in pursuing his rights, delaying over one year past the deadline to pursue his federal habeas remedy.  Further, Petitioner has failed to demonstrate the relatively ordinary occurrence of prison lockdowns became an extraordinary circumstance that prevented the timely filing of his petition.  While it may have been more difficult to complete and file his federal habeas petition, the undersigned recommends the COVID-19 pandemic did not prevent Petitioner from timely seeking § 2254 relief within one year from March 5, 2019.

Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period.  Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the Court find a COA be denied because he has not made the necessary showing for issuance.

## V.      RECOMMENDATION

Because there is no evidence that an extraordinary circumstance actually prevented Petitioner from filing a timely federal petition, the undersigned **RECOMMENDS** he is not entitled to equitable tolling and his petition is untimely. Therefore, it is respectfully **RECOMMENDED** that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 18) and **DISMISS** this action as time barred.  The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

Respectfully submitted this 7th day of September, 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE  TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).